IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY W. CONNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05 C 5285 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| JO ANNE B. BARNHART, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Gary W. Connell sought judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability benefits. His cross-motion for summary judgment was granted; the case was remanded to the agency. Memorandum Opinion and Order ("Mem. Op."), Dkt. No. 28 at 13 (Jan. 30, 2006). He now moves for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("the EAJA"), 28 U.S.C. § 2412 *et seq.* For the reasons set forth below, the motion is granted.

### BACKGROUND

Connell applied for benefits in August 2002. Administrative Record ("R.") at 21. At the time, he was 51 and unemployed. R. at 22. In addition to being infected with Hepatitis-C, he suffered from depression and fatigue. R. at 130, 128, 248, 162-76. He claimed disability based on his medical conditions and negative side effects from treatment. R. at 22, 89-90. On October 16, 2003, he appeared *pro se* in a hearing before an administrative law judge ("ALJ"). R. at 21. On August 27, 2004, the ALJ issued a final decision denying Connell's application based on the five-step test outlined in 20 C.F.R. § 404.1520(a). R. at 28. Specifically, the ALJ found: (1) at step three,

Connell did not have an impairment matching one listed by the Commissioner; and (2) at steps four and five, Connell retained residual functional capacity to perform light work. R. at 26-28.

On September 15, 2005, Connell filed this case challenging the ALJ's decision. In his cross-motion for summary judgment, Connell claimed the ALJ erred on four grounds: (1) failure to obtain a valid waiver of counsel; (2) at step three, failure to compare his impairments to conditions listed by the Commissioner; (3) at step four, the ALJ's residual functional capacity assessment failed to conform to Social Security Ruling ("SSR") 96-8p; and (4) at step five, the ALJ failed to ask hypothetical questions concerning his impaired concentration and memory. Granting Connell's cross-motion, the court held the ALJ's step-three and step-four analyses were defective. Mem. Op. at 9-12. The court reversed the ALJ's decision on steps three and four, and remanded the case to the agency. *Id.* at 13.

## DISCUSSION

### I. Standard of Review

Under the EAJA, Connell may recover attorneys' fees if: (1) he was a prevailing party; (2) the Commissioner's position was not substantially justified; (3) there existed no special circumstances that would make an award unjust; and (4) he moves for fees within 30 days after entry of final judgment. 28 U.S.C. § 2412(d)(1)(A)-(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Connell's motion is timely. The court's January 30, 2006 ruling on the cross-motions for summary judgment became final for EAJA purposes on April 1, 2006, when the 60-day period for filing an appeal expired. 28 U.S.C. § 2412(d)(2)(G) ("'final judgment' means a judgment that is . . . not appealable"); Fed. R. App. P. 4(a)(1)(B) (notice of appeal may be filed within 60 days after entry of a judgment against a United States officer). Connell's motion was filed on March 13, 2006,

before the 30-day period began to run. *See Richmond v. Chater*, 94 F.3d 263, 266 (7th Cir. 1996) (an EAJA motion "must be filed within 30 days after the expiration of the 60-day period allowed for appeal[]"). In addition, Connell was a prevailing party because he won summary judgment. *Shalada v. Schaefer*, 509 U.S. 292, 301 (1993). The Commissioner does not dispute that Connell was a prevailing party or that his motion is timely. Nor does the Commissioner allege any special circumstances precluding a fee award. The only disputed issue, therefore, is whether the Commissioner's position was substantially justified.

The Commissioner bears the burden of establishing substantial justification for her position. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). To satisfy this burden, the Commissioner must show: (1) a reasonable basis for the facts alleged; (2) a reasonable basis for the legal theory propounded; and (3) a reasonable connection between the facts and the theory. *Id.* In other words, the burden is met if a reasonable person could believe the Commissioner's position was correct. *Id.* The court may award attorneys' fees if either the Commissioner's litigation position or her pre-litigation conduct, including the ALJ's decision, was unreasonable. *Id.* But the court must make one determination for the entire case as a whole. *Id.*

## II. Substantial Justification

At the outset, the Commissioner argues her position was reasonable because she prevailed on two of the four issues litigated in the cross-motions for summary judgment. Connell argues a substantial justification analysis should focus on the issues upon which remand was granted. In *Lane v. Apfel*, the court held that a substantial justification analysis must be based on "the entire civil action – and not any one individual argument." No. 99 C 2640, 2001 WL 521835, at *3 (N.D. Ill. May 16, 2001) (Keys, M.J.); *see also Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("while the

3

parties' postures on individual matters may be more or less justified, the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items"). Moreover, the fact that the Commissioner prevailed on two of the four disputed issues does not conclusively establish her position was substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 569 (1988); *cf. Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996) ("being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action"). To consider this case as a whole, the court must revisit its decision reversing the ALJ's step-three and step-four analyses.

### A. Step-Three Listings of Impairments

In his cross-motion for summary judgment, Connell contended the ALJ failed to compare his impairments to the conditions listed by the Commissioner. Connell's depression was severe. R. at 24. The record clearly indicated Connell's Interferon treatment for Hepatitis-C aggravated his depression and fatigue. R. at 292, 306. Under these circumstances, the ALJ was required to analyze whether Connell's adverse reaction to Interferon equaled any listings under § 5.05 (chronic liver disease) and § 12.04 (affective disorders) of 20 C.F.R. Part 404, Subpart P, App. 1. 20 C.F.R. § 416.926(a). But the ALJ made no reference to any specific listings. In fact, the ALJ concluded the step-three analysis in only two sentences:

> Although the claimant has severe impairments, there is no evidence of any physical or mental impairment that meets or equals the requirements of the Listings, singly or in combination. This conclusion is detailed in the medical record, discussed below.

R. at 24. This analysis is strikingly similar to that in *Scott v. Barnhart*: "[t]he claimant's impairments do not meet[,] or equal in severity[,] any Listed Impairment found in Appendix 1." 297 F.3d 590, 595 (7th Cir. 2002). *Scott* held the ALJ's analysis was perfunctory because of failure to

4

refer to any specific listings and to build a logical bridge from the record to the conclusion. *Id.* The ALJ's two-sentence analysis on Connell's impairments was defective for the same reasons.

On her cross-motion for summary judgment, the Commissioner argued the record supported the ALJ's decision, relying on *Rice v. Barnhart*, 384 F.3d 363 (7th Cir. 2004), and *Sims v. Barnhart*, 309 F.3d 424 (7th Cir. 2002). Because *Rice* and *Sims* were distinguishable, this court rejected the Commissioner's argument. Mem. Op. at 10-11. Given the similarities between this case and *Scott*, the Commissioner's defense of the ALJ's step-three analysis was unreasonable. *Golembiewski*, 382 F.3d at 724 (the Commissioner's position was not substantially justified if the ALJ violated clear precedent). This is not a case where the ALJ articulated some, albeit insufficient, bases for a step-three determination. *See Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir.1992) (the requisite level of articulation is "far from precise"). Rather, the ALJ here, like the ALJ in *Scott*, failed to address evidence of side effects from Interferon and to refer to any listings. *See Scott*, 297 F.3d at 596 ("[t]he failure to discuss Listing 112.05 is further compounded by the ALJ's perfunctory consideration and analysis of the evidentiary record"). Because the ALJ's analysis was facially defective, neither the ALJ's decision nor the Commissioner's defense could be substantially justified. *Golembiewski*, 382 F.3d at 724.

### B. Step-Four Residual Functional Capacity Analysis

At step four, the ALJ must determine whether Connell had the ability to do sustained, work-related physical and mental activities on a regular work schedule – eight hours a day for five days a week. SSR 96-8p, at *7 (1996). The ALJ must cite specific evidence to support her conclusions. *Id.* The ALJ must explain how she resolved material inconsistencies in the evidence and why an allegation of functional limitations could not be accepted. *Id.* The record amply

5

supported Connell's complaints of fatigue. R. at 126, 138, 197, 228, 253, 273, 306. The ALJ concluded that Connell had the residual functional capacity to perform light work and that Connell's complaints of his impairments were not entirely credible. R. at 24-27. But the ALJ failed to explain the bases for her conclusions according to the SSR 96-8p requirements. Mem. Op. at 11. Where, as here, an ALJ did not comply with the clear requirements of an agency ruling and the Commissioner opposed reversal and remand, the Commissioner's position was not substantially justified. *Williams v. Chater*, No. 96 C 1833, 1996 WL 650620, at *2 (N.D. Ill. Nov. 7, 1996) (Conlon, J.); *see also Henderson v. Barnhart*, 257 F. Supp. 2d 1163, 1168 (W.D. Wis. 2002) (Adelman, J.) (quoting *Williams*, 1996 WL 650620, at *2).

### C. The Commissioner's Argument

The Commissioner argues the ALJ's decision was supported by the record as a whole. This argument misses the point. A substantial justification determination depends on whether the ALJ's analyses and the Commissioner's defense were reasonable, not on whether Connell's underlying disability claim had merit. The lack of support for Connell's disability claim, even if true, does not absolve the ALJ of the obligation to analyze the record in compliance with case law and agency rulings. *See Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) ("regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision"). Therefore, the record cannot serve as a shield for the ALJ's defective analyses and the Commissioner's unjustifiable defense.

### III. Fees Allowed

The statutory rate for attorney time is $125 per hour. 28 U.S.C. § 2412(d)(2)(A). The rate may be adjusted based on cost of living increases. *Id.* Requesting a rate increase, Connell submits

a consumer price index compiled by the U.S. Department of Labor. Pl. Ex. B. Based on this index, he proposes an hourly rate of $158.75 for November 2005 and of $157.50 for December 2005 through March 2006. Pl. Ex. A. He submits a total of 55.8 hours for attorney time.[1] Pl. Mem. at 5. In addition, he seeks $85 per hour for 0.4 hour of legal assistant time, as well as $250 for the filing fee. Pl. Ex. A. He seeks a total award of $9,122.13. The proposed award appears reasonable. *See, e.g., Cuevas v. Barnhart*, No. 02 C 4336, 2004 WL 3037939, at *1 (N.D. Ill. Dec. 30, 2004) (Keys, M.J.) (approving an award of $8,738.75 based on $147.50 per hour for attorneys and $85 per hour for legal assistants). The Commissioner does not object to Connell's calculations of fees and costs. Accordingly, an award in the amount of $9,122.13 is appropriate.

## CONCLUSION

For the reasons set forth above, Connell's motion for an award of attorneys' fees and costs is granted. Connell is awarded $9,122.13.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

April 13, 2006

---

[1] Connell filed a reply, in which he demanded an additional 2.1 hours of attorney time. Because the reply was filed without leave of court, Connell's request for additional fees must be denied.